<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEAT MALIKI and ELFA MALIKI,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>HOLY REDEEMER HOSPITAL, JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10, and XYZ CO. 1-10,<br><br>     *Defendants*. | Civil No.: 15-1591 (KSH) (CLW)<br><br><br><br><u>OPINION</u> |

This matter comes before the Court by way of a motion (D.E. 16) by defendant Holy Redeemer Hospital ("HRH") to transfer venue to the Eastern District of Pennsylvania. Plaintiffs Neat Maliki (Maliki) and Elfa Maliki (Elfa) filed a complaint in the District of New Jersey on March 3, 2015, alleging that Maliki injured his back while on HRH's premises as a result of HRH's negligence. (D.E. 1 ("Compl.") ¶¶ 1-4.) HRH asserts that the doctrine of *forum non conveniens* favors transfer and that venue is improper here because no defendant resides in New Jersey and the location of the alleged incident causing Maliki's injury is Pennsylvania.

**I.**    **Background**

Maliki and Elfa claim diversity jurisdiction as residents of New Jersey suing HRH, a corporate entity of the State of Pennsylvania, for an amount exceeding $75,000. (Compl. at 1.) The complaint alleges that Maliki was a business invitee on March 4, 2013, at a location owned

or operated by HRH.  (*Id.* ¶ 1-2.)  While there, he sustained permanent injuries to his back due to HRH's negligent and careless operation and maintenance of a rug and automatic doors on the premises.  (*Id.* ¶ 3.)  Specifically, Maliki was pushing a cart of uniforms for delivery to HRH, and the wheel of the cart caught on a rug; this delayed Maliki's entrance, and the electronic doors at the entrance of the delivery area closed, apparently due to a malfunction, and struck him in the back.  (D.E. 16, Ex. B ("Plaintiffs' Answers to Interrogatories") at 2.)

Plaintiffs filed suit in this Court on March 3, 2015.  (D.E. 1.)  After answering the complaint, HRH filed a motion to change venue, in which it repeatedly asserted that this matter is improperly venued in New Jersey.  (D.E. 16 at 2, 4; D.E. 20 at 2-3.)  HRH's motion sought transfer under 28 U.S.C. § 1404(a), which applies when both the original and the requested venue are proper; another provision that was not briefed, § 1406, applies when the original venue is improper.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Accordingly, the Court ordered the parties to show cause why this matter was properly venued in New Jersey (D.E. 28) and why the motion should not be stricken for failure to brief the issues of improper venue, including waiver under Federal Rule of Civil Procedure 12(b)(3) and application of 28 U.S.C. § 1406 (D.E. 27).  HRH responded that it "is not challenging venue as being improper." (D.E. 31 at 4.)  The Court thus proceeds with a § 1404(a) analysis as though the parties have consented that both the original and requested fora are proper.

**II.     Legal Standard**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  This statutory provision is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases,

Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013).  The decision of whether to transfer an action falls within the sound discretion of the trial court. *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp.2d 560, 564 (D.N.J. 2000) (Wollin, J.) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)).

Provided the action could have been brought in the transferee district, a district court faced with a motion to transfer venue must weigh a number of case-specific factors and balance private and public interests. *Yocham v. Novartis Pharm. Corp.*, 565 F. Supp.2d 554, 556-57 (D.N.J. 2008) (Simandle, C.J.).  The private interests include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara*, 55 F.3d at 879.  The public interests to be considered include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.  It is well-settled that the moving party bears the burden of establishing the need for a change in venue and that transfer should not be granted lightly.  *Yocham*, 565 F. Supp.2d at 559.  A plaintiff's forum choice "is a paramount consideration that should not be lightly disturbed." *Clark v. Burger King Corp.*, 255 F. Supp.2d 334, 338 (D.N.J. 2003) (Irenas, J.); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

3

### III. Discussion

The parties do not appear to dispute that this action could have been brought in the requested transferee district. *See* 28 U.S.C. § 1404(a). Not only is HRH a resident of Pennsylvania, but also the events giving rise to plaintiffs' claims occurred in Pennsylvania. They do dispute how the public and private interests should be weighed. The Court visits each applicable factor in turn and treats the factors not argued by the parties as neutral.

The plaintiffs' forum preference is obviously the District of New Jersey, as manifested in their initial filing. The Court gives this significant weight. *See Clark*, 255 F. Supp.2d at 338; *Zokaites v. Land-Cellular Corp.*, 424 F. Supp.2d 824, 840 (W.D. Pa. 2006) (there is a strong presumption in favor of the plaintiff's choice of forum where plaintiff resides there). Both the defendant's preference and where the claim arose weigh in favor of the Eastern District of Pennsylvania, given the location of the injury at HRH in Pennsylvania. HRH asserts that the convenience of the parties is neutral, as each is approximately an hour and a half away from either fora and would not be significantly inconvenienced by having to travel to the other's preferred district. However, the Court weighs this factor slightly in plaintiffs' favor, considering the relative financial means of each party. *See Jumara*, 55 F.3d at 879 (courts should focus on the relative physical and financial condition of the parties). The convenience of potential witnesses is only to be considered to the extent a witness may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. The parties have not identified any witnesses—fact or expert—who would be unable to attend trial in either fora. Given the proximity of the two fora to each other and to the location of the incident, this factor comes out in the wash. The same is true for the factor considering the location of books and records.

With respect to the public interests to be considered, HRH argues that two of these factors are relevant. The first is Pennsylvania's local interest in deciding local controversies at

home—HRH contends that Pennsylvania has a strong interest in deciding a controversy over an alleged incident at a Pennsylvania hospital. However, as plaintiffs point out, New Jersey has an interest in deciding Elfa's loss of consortium claim, which is wholly based in that state. New Jersey also has an interest in protecting its residents, particularly here where Maliki's employment is based in New Jersey and is the reason for his presence at HRH on the day of the accident. Thus, this factor weighs only slightly in favor of Pennsylvania, if at all.

In its response to the Court's order to show cause, HRH further asserts that a jury site visit to its premises "to view the opening and closing of the automatic doors at issue in this matter would be critical to a fair trial," and that a site visit would be virtually impossible if the case remains in the District of New Jersey. (D.E. 31 at 5.) In support of this argument, HRH supplied the Court with an expert report, stating that the force to prevent the subject door from opening and closing was within industry standards and that the impact force Maliki experienced is not consistent with the injuries he claims.[1] (D.E. 31 at 2; Ex. A.) According to the expert report, there is nothing out of the ordinary about HRH's automatic door, a feature that is commonplace in modern society. It is unlikely that a jury would need a site visit and opportunity to view an automatic door to understand either Maliki's testimony explaining the accident or HRH's expert's testimony that the automatic door was within industry standards and did not hit Maliki with sufficient force to cause his alleged injuries. The Court is not persuaded that this consideration weighs in favor of HRH or that keeping this matter venued in the District of New Jersey would deny HRH a fair trial. *See Smith v. Milton Hershey Sch.*, 2012 WL 1966125, at *5 (E.D. Pa. June 1, 2012) (not crediting defendant's argument that a site visit would be necessary

---

[1] In addition to conducting multiple technical measurements, Mr. Robert J. Nobilini, Ph.D., states that he "bent forward and allowed the door to strike [him] in the buttocks multiple times. The force of the door was barely noticeable and was not enough to cause [him] to move forward or to cause injuries of any sort." (D.E. 31, Ex. A at 4.)

5

where jury could assess records and trial testimony describing the location); *Christensen v. Hyatt Corp.*, 2009 WL 5195772, at *3 (D.V.I. Dec. 21, 2009) (weighing potential for jury site visit in favor of transfer where plaintiff alleged the "color combination of the tiles, the lagoon and the edge of the lagoon on the lower level of the Grand Hyatt Washington Hotel obscured the open and obvious danger of the lagoon among the massive crowd" and that the jury would benefit from viewing the colors and features at the hotel).

The nature of a balancing test is that no one factor is dispositive, and a strict mathematical counting approach must be discarded. Weighing the factors as applied to the facts of this case, and acknowledging that a plaintiff's choice of forum is afforded less deference when none of the complained-of conduct occurred in the chosen forum, *Santi v. National Business Records Management, LLC*, 722 F. Supp.2d 602, 607 (D.N.J. 2010) (Rodriguez, J.), the Court nonetheless finds that the scales do not tip sufficiently in defendant's favor to warrant transfer.

### IV.  Conclusion

For the foregoing reasons, defendant's motion is denied. An appropriate order will follow.

s/ Katharine S. Hayden_____<br>Katharine S. Hayden, U.S.D.J.

Date:  August 5, 2016