NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEAT MALIKI and ELFA MALIKI,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOLY REDEEMER HOSPITAL, JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10, and XYZ CO. 1-10,<br><br>*Defendants*. | Civil No.: 15-1591 (KSH) (CLW)<br><br><br><br>**OPINION** |

This matter is before the Court on defendant Holy Redeemer Hospital's motion for summary judgment.

**I.  BACKGROUND**

The following facts are undisputed by the parties.1

---

1 In his opposition papers, Maliki admitted to paragraphs 1-11 of Holy Redeemer's Statement of Materials Facts and disputed only paragraph 12. (D.E. 40, Holy Redeemer Statement of Material Facts); (D.E. 48, Maliki Opposition to Summary Judgment.)

On March 4, 2013, plaintiff Maliki,[2] arrived at Holy Redeemer Hospital ("Holy Redeemer") in Meadowbrook Township, Pennsylvania around 1:30 or 2:00 AM to deliver laundry. Holy Redeemer owns and operates the premises, and Maliki was there for a business purpose. He parked his truck at the loading dock and then opened two sets of double automatic doors. Maliki stuck a pin in each set of the double automatic doors near the hinges in order to keep the doors open. He carried five or six loads of laundry through the open double doors without incident. On the sixth or seventh load, one of the doors in the first set of double doors closed, striking him in the buttocks as he was walking through. Maliki filed suit, claiming he sustained injuries because the doors malfunctioned. (D.E. 40, Holy Redeemer Statement of Material Facts); (D.E. 48, Maliki Opposition to Summary Judgment.)

Holy Redeemer's expert, Robert J. Nobilini, Ph.D., inspected the doors and in his report, offered the following opinions:

- "The dynamics of the incident as described by Mr. Maliki were not consistent with him being contacted in the buttock by the subject door as it closed."
- "Peak compressive loads at the L4-5 Level ranged from 4.8 to 6.5 body weight. Based on Mr. Maliki's weight, this would represent compressive loads of between 1,032 to 1,397 pounds."
- "The force to prevent the subject door from opening or closing was within industry standards."
- "If Mr. Maliki was struck in the buttock by the subject door, that impact force was less than 11.41 pounds."
- "The impact force of the door on Mr. Maliki's buttock was trivial and well within the range of compressive loads

---

[2] The Court refers to both plaintiffs as "Maliki." Neat Maliki was involved in the accident at issue and his wife Elfa's claims are derivative.

2

- experienced by the lumbar spine during every day non-injurious activities of daily living."
- "Under these circumstances, there was no mechanism of injury present during the subject incident that would account for the injury claims of Mr. Maliki."

(D.E. 40, Holy Redeemer Motion for Summary Judgment, Ex. D at 5-6.) (Herein, Expert Report.)

Holy Redeemer moves for summary judgment on the grounds that Maliki cannot establish actual or constructive notice of a defect, and therefore cannot establish a prima facie case for negligence. Maliki opposes Holy Redeemer's motion on the grounds that negligence can be inferred simply because the door shut on him.

## II. STANDARD OF REVIEW

Under the familiar standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will view the facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Once the moving party carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts…." *Id.*; *quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The nonmoving party is "require[d]…to go beyond the pleadings" and must point to specific facts that are genuinely disputed. *Celotex Corp., v. Catrett*, 477 U.S. 317, 324 (1986). That is, the nonmoving party cannot defeat a motion for summary judgment by repeating "the mere pleadings themselves." *Id.*

3

### III. DISCUSSION

To establish a prime facie case of negligence, plaintiff must prove four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395 (2014); *quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 594 (2013).

    a. Duty of Care

"Only to the invitee or business guest does a landowner owe a duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered." *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 434 (1993). "That standard of care encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions." *Id.*; *see also Monaco v. Hartz Mountain Corp.*, 178 N.J. 401, 420 (2004) (A landowner owes a business invitee the duty of "making reasonable inspections of its property and taking such steps as are necessary to correct or give warning of hazardous conditions or defects actually known to the landowner.").

Maliki was on the premises of Holy Redeemer for the business purpose of delivering laundry, therefore he is considered an invitee or business guest who is owed the highest level of landowner care. Holy Redeemer therefore had a duty to warn Maliki of dangerous conditions, as well as a duty to inspect the premise for dangerous conditions.

b. Breach of Duty

The crux of this dispute is whether Holy Redeemer breached its duty to Maliki. Specifically, the issue is whether Holy Redeemer knew or should have discovered if the automatic door malfunctioned.

John Sloan, the Director of Engineering and Maintenance at Holy Redeemer, admitted in his deposition testimony that "[w]e don't do inspections" of the automatic doors. (D.E. 48, Maliki Opposition to Summary Judgment, Ex. B (Sloan Deposition) at 17, ¶ 19).) Instead, his department responds to complaints only when received. While an argument could be made that an inspection was warranted, Maliki offers no countervailing evidence that had Holy Redeemer done routine inspections, it would have discovered any malfunction. Dr. Nobilini unopposed report indicates that the doors operated within industry standards. (Expert Report at 5-6.)

Instead of pointing to facts that rebut Dr. Nobilini's report, Maliki relies exclusively on the doctrine of *res ipsa loquitur* to make out a prima facie case for negligence. Maliki's logic is that a jury can infer negligence, without the help of an expert, simply because the automatic door allegedly shoved him from behind.

"The doctrine of *res ipsa loquitur* permits an inference of defendant's negligence 'where (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own

5

voluntary act or neglect.'" *Buckelew v. Grossbard*, 87 N.J. 512, 526 (1981) (*quoting Bornstein v. Metropolitan Bottling Co.*, 26 N.J. 263, 269 (1958)).[3] The New Jersey Supreme Court has held that "[a]n automatic door may be a highly sophisticated piece of machinery, but it probably does not close on an innocent patron causing injury unless the premises' owner negligently maintained it." *Jerista*, 185 N.J. at 197. Additionally, "[t]hat conclusion can be reached based on common knowledge without resort to expert testimony." *Id.*

*Jerista* seems to help in establishing a prima facie case for negligence on the theory that an automatic door closing on a person 'bespeaks negligence.' However, and critically, Maliki does not establish second and third prongs.

Sloan stated that there is no supplied pinning mechanism in the doors to hold them open. (Sloan Deposition at 16, ¶¶ 12-14.) Maliki stated that he placed a pin in the automatic doors to hold them open so he could more easily transport the loads of laundry inside. (Maliki Opposition to Summary Judgment, Ex. A at 24, ¶¶ 4-6.) Even were the Court to infer that using pins is a means to hold open the doors, Maliki's interference with the regular functioning of the door negates Holy

---

[3] Holy Redeemer argues Pennsylvania law applies to the issue of *res ipsa loquitur*. The Court disagrees. Both New Jersey and Pennsylvania allow a *res ipsa loquitur* inference to establish a prima facie case of negligent maintenance of automatic doors. *Jerista v. Murray*, 185 N.J. 175, 196 (2005); *McDonald v. Aliquippa Hosp.*, 414 Pa. Super. 317, 321-322, *appeal denied*, 532 Pa. 646 (1992). Because no conflict exists, the Court will apply New Jersey law. *See, Rowe v. Hoffman-La Roche, Inc.*, 189 N.J. 615, 621 (2007).

6

Redeemer's exclusive control. Moreover, what Maliki alleges as a malfunction could be attributable to his own voluntary act of placing the pin in the door.

Because Maliki's interference with the doors precludes him from the benefit of a *res ipsa loquitur* instruction, he must come forward with specific facts that counter Dr. Nobilini's report. If he does not, Maliki cannot make out a prima facie case for negligence and consequently cannot survive Holy Redeemer's motion for summary judgment. The only "fact" Maliki offers in opposition is the bare assertion that the doors malfunctioned, which is insufficient.

The Third Circuit addressed a similar issue in a negligence action brought against a truck company for failure to give proper building specifications of a truck and warnings about its dangerousness. In opposing a motion for summary judgment, the plaintiff merely asked the district court to "grant her all reasonable factual inferences." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir. 1988). Because she "failed to point to facts of record which contradicted the facts identified by [the movant]," the Third Circuit affirmed the district court's grant of summary judgment for the defendant. *Id.* at 695.

Holy Redeemer has shown that there is no genuine dispute of any material fact, and specifically that the facts it has adduced are not contradicted by Maliki, and it is entitled to judgment as a matter of law.

IV. **CONCLUSION**

7

For the foregoing reasons, the Court grants Holy Redeemer's motion for summary judgment, and the clerk of the Court is directed to close this case. An appropriate order will be entered.

s/ Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.

Dated: September 29, 2017